concurred in by my learned brothers, Justice DAVIS and Judge DRUMMOND, the motion for the appointment of a receiver will be overruled, and the order entered for the appointment of a guardian ad litem for the infant defendant set aside, and this case remanded to the circuit court of Cook county.

NOTE. For opinion of Illinois supreme court in above case, upon the merits, consult 58 Ill. 310. For the circumstances under which cases can be removed under the acts of 1789 and 1867, and the time when it must be done, consult Johnson v. Monell [Case No. 7,399]; Akerly v. Vilas [Id. 119], and cases there cited; also, In re Cromie [Id. 3,405]; Akerly v. Vilas [Id. 120]; Boggs v. Willard [Id. 1,603].

That consent will not give jurisdiction where none is conferred by law, consult Andrews v. Wheaton, 23 Conn. 112; Little v. Fitts, 33 Ala. 343; Harriott v. New Jersey R. & Transp. Co., 2 Hilt. 262; Green v. Collins, 6 Ired. 139; Branch v. Houston, 1 Busb. 85; Gilliland v. Sellers, 2 Ohio St. 227; Smiths v. Dubuque Co., 1 Cole [Iowa] 492; Duffield v. Smith, 3 Serg. & R. 590; Lindsey v. McClelland, 1 Bibb. 262; Bents v. Graves, 3 McCord, 280; Foley v. People, Breese, 57; Falkenburgh v. Cramer, Coxe [1 N. J. Law] 31; Parker v. Munday, Id. 70. But if a court has jurisdiction of the matter, and one party has some privilege which exempts him from the jurisdiction, he may waive that privilege if he chooses so to do. Overstreet v. Brown, 4 McCord, 79.

KINGSLAND (PATTERSON v.). See Case No. 10,827.

## Case No. 7,818.

### In re KINGSLEY.

[6 Ben. 300;[1] 7 N. B. R. 558.]

District Court, S. D. New York.  Jan., 1873.

EXAMINATION OF BANKRUPT.

Where an order for the examination of a bankrupt is issued at the instance of a creditor who has duly proved his debt, the bankrupt cannot refuse to be sworn under the order, by reason of his claiming that he has an offset which extinguishes the creditor's debt, and desires to file a petition for the re-examination of the claim.

In this matter the register certified to the court, that he had made an order for the examination of the bankrupt [Norman W. Kingsley], under the 26th section of the bankruptcy act [of 1867 (14 Stat. 529)], on the application of one Showers, a creditor who had duly proved his debt; that, on the return of the order, the bankrupt declined to be sworn, claiming that Showers was not a creditor, and was not returned as such in the schedule attached to the petition, and that any indebtedness which had ever existed from the bankrupt to Showers had been offset and extinguished by a counter indebtedness from Showers before the filing of the petition; and that he desired to file a petition for the re-examination of Showers' claim.

By the Register:

[I, Henry Wilder Allen, register in bank-

ruptcy, of said district, having the above entitled matter in charge, do hereby certify that on the 4th day of January, 1873, upon the application of Daniel H. Showers, a creditor of said bankrupt, who has duly proved his debt herein, I made and issued an order for the examination of said bankrupt, under the twenty-sixth section of the bankrupt act, and appointed the 13th day of January, 1873, at 3 o'clock p. m., as the time for the said examination, which said order was duly served upon the said bankrupt; that on the said 13th day of January, 1873, pursuant to said order, the said bankrupt attended before me with F. C. Bowman, Esq., his counsel, and the said creditor appeared by William Peet, Esq., his counsel, and the said examination being called, the said bankrupt, by advice of counsel, declined to be sworn and examined under the twenty-sixth section of the bankrupt act, under the order issued upon the application of the said Daniel H. Showers, claiming that said Showers is not a creditor, and was not so returned on the schedules of the said bankrupt, and that any indebtedness that ever existed from said bankrupt to said Showers, was offset and extinguished by a counter indebtedness from the said Showers to the said bankrupt before the filing of his petition, and for the further reason that he, the said bankrupt, desires to file a petition for the re-examination of the said claim. And at the request of the counsel for said parties I have made this certificate, that such order may be made herein as to the court may seem just and proper.][2]

BLATCHFORD, District Judge.  So long as the debt stands proved and unimpeached, the claim stated to have been made by the bankrupt before the register furnishes no ground for a refusal of the bankrupt to be sworn and examined.

## Case No. 7,819.

### In re KINGSLEY.

[1 Lowell, 216;[1] 7 Am. Law Reg. (N. S.) 423; 1 N. B. R. (Quarto) 52; 1 N. B. R. 329 (Quarto, 66); 15 Pittsb. Leg. J. 235, 277.]

District Court, D. Massachusetts.  Feb., 1868.

BANKRUPTCY—DEBT BARRED BY STATUTE OF LIMITATIONS—ENTRY UPON THE SCHEDULE—WHETHER ACKNOWLEDGMENT.

1. A debt barred by the statute of limitations, of the state in which the bankrupt resides, and where his petition is filed, cannot be proved against his estate in bankruptcy.

[Cited in Re Hardin, Case No. 6,048; Re Cornwall, Id. 3,250; Re Noesen, Id. 10,288. Approved in Re Doty, Id. 4017. Cited in Nicholas v. Murray, Id. 10,223.]

[Cited in National Mount Wollaston Bank v. Porter, 122 Mass. 310; Benton v. Holland, 58 Vt. 535, 3 Atl. 322.]

---

[2] [From 7 N. B. R. 558.]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]